IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FINANCIAL PACIFIC LEASING, INC. D/B/A UMPQUA BANK VENDOR FINANCE, | § § § § | |
| *Plaintiff*, | § § | |
| V. | § § | Case No. _____ |
| HILLCREST MEDICAL VENTURES, L.L.C. AND MARLON DAYMOND PADILLA, | § § § § § | |
| *Defendants*. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Financial Pacific Leasing, Inc. d/b/a Umpqua Bank Vendor Finance, files its Original Complaint (the "Complaint") against Defendants, Hillcrest Medical Ventures, L.L.C. and Marlon Daymond Padilla (collectively, the "Defendants"), and would respectfully show the Court the following:

### I. PARTIES

1. Financial Pacific Leasing, Inc. d/b/a Umpqua Bank Vendor Finance ("FPL") is a corporation organized and existing under the laws of the State of Washington, whose principal place of business is located in Federal Way, Washington. FPL is a wholly owned subsidiary of Umpqua Bank, which is a wholly owned subsidiary of Umpqua Holdings Corporation, a publicly traded company. Umpqua Bank is a bank chartered in the State of Oregon with its principal place of business in the State of Oregon. Umpqua Holding Corporation is incorporated under the laws of the State of Oregon with its principal place of business in Portland, Oregon.

2.      Hillcrest Medical Ventures, L.L.C. ("Hillcrest") is a Texas Limited Liability Company duly organized in accordance with the laws of the State of Texas, which may be served through its registered agent Marlon D. Padilla, at 7115 Lakeshore Drive, Dallas, Texas 75214. According to the Texas Secretary of State's website, Hillcrest's principal place of business is located at 7115 Lakeshore Drive, Dallas, Texas 75214. Hillcrest also operates at 8611 Hillcrest Avenue, Suite 180, Dallas, Texas 75225

3.      Defendant Marlon Daymond Padilla (SSN: XXXXXX866; DOB: XX-XX-1958) ("Dr. Padilla") is a Texas citizen engaged in business in with FPL, a Washington corporation. Dr. Padilla may be served with appropriate process at his residence, 7115 Lakeshore Drive, Dallas, Texas 75214.

## II. JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      This Court has venue pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to FPL's claims occurred in this district. Additionally, Hillcrest's principal place of business is within this district and Dr. Padilla resides in this district.

## III. FACTS

6.      On or about August 22, 2019, Hillcrest, as customer, and FPL, as secured party, executed an Equipment Finance Agreement No. 015.1571026.301 (the "Agreement"), whereby FPL financed the purchase of certain equipment, as defined therein and described on the Equipment List attached thereto (the "Equipment"), for use in Hillcrest's business. A true and correct copy of the Agreement is attached hereto and incorporated by reference for all purposes as

Exhibit "A."

7. In conjunction with the Agreement, Dr. Padilla executed an unconditional Personal Guaranty (the "Guaranty"). A true and correct copy of the Guaranty is contained on the first page of the Agreement.

8. Under the terms of the Guaranty, upon Hillcrest's default, Dr. Padilla became unconditionally liable for the full payment and performance of all of Hillcrest's debts and obligations to FPL under the Agreement.

9. At all times relevant herein, Dr. Padilla, upon information and belief, was the Owner, Chief Executive Officer, and Director of Hillcrest. As such, Dr. Padilla was engaged in the active, substantial and continuing personal participation in the management and day-to-day operations of Hillcrest. In this capacity, Dr. Padilla had the authority to make payments and disburse funds held by or in possession of Hillcrest and was ultimately responsible for the distribution and allocation of funds received by Hillcrest.

10. FPL provided financing to Hillcrest under the terms of the Agreement. A description of the Equipment was provided to Defendants and may be found attached to the Agreement. The total consideration contracted to be paid by Hillcrest on the Agreement was initially to be paid to FPL in one (1) prepayment of $99.00, an administrative fee of $350.00, two (2) consecutive monthly payments of $99.00, followed by sixty (60) consecutive monthly payments of $3,584.14, until the Agreement was paid in full or until terminated in accordance with the terms thereof.

11. FPL duly perfected its security interest in the Equipment by filing a UCC-1 financing statement with the Texas Secretary of State on September 4, 2019, which was assigned File Number 190033707909.  A true and correct copy of the UCC-1 financing statement filed by

FPL is attached hereto as Exhibit "B."

12. Upon a default of the Agreement, FPL may, among other things, require the Defendants to pay a sum equal to all unpaid payments for the remainder of the Agreement, plus all other amounts due or to become due during the term of the Agreement. *See* Exhibit A, ¶ 11.

13. Despite FPL's performance, Hillcrest, and by way of the Guaranty, Dr. Padilla, defaulted under the Agreement by failing to make the payment due on December 1, 2019, and have failed and refused to make payments when due thereafter under the terms of the Agreement. In light of Defendants' failure to satisfy their obligations under the Agreement and Guaranty, FPL has accelerated the maturity of the Agreement in accordance with ¶ 11 of said Agreement, and has declared the entire unpaid balance due and owing.

14. After the allowance of all just and lawful offsets, payments, and credits to Defendants' account, the balance thereon of $220,461.15 is past due and unpaid, and Defendants, although repeatedly requested by FPL, have wholly failed and refused and still refuse to pay the same or any part thereof.

15. FPL is the holder and secured party under said Agreement. All conditions precedent to FPL's right to recover judgment, order of sale, attorneys' fees, and any other relief sought herein from Defendants have been performed or have occurred, and all notices required have been given or have been waived.

16. All conditions precedent to FPL's right to recover judgment, order of sale and attorneys' fees from Defendants have been performed or have occurred or have been waived, and all notices required have been given or have been waived.

## IV. CAUSES OF ACTION

### COUNT 1: BREACH OF CONTRACT

17. FPL incorporates herein all prior and subsequent allegations in this pleading as though fully set forth herein.

18. FPL is the holder of the Agreement, including all exhibits and attachments thereto.

19. After the allowance of all lawful offsets, credits, and payments to the Agreement, the balance thereon of $220,461.15 is past due and unpaid.

20. Hillcrest, although repeatedly requested by FPL, has wholly failed and refused and still refuses to pay the same or any part thereof. Accordingly, Hillcrest has breached its contractual obligations to Plaintiff.

21. All conditions precedent to FPL's recovery of judgment have been performed, have occurred, or have been waived.

### COUNT 2: PERSONAL GUARANTORS' LIABILITY

22. FPL incorporates all prior and subsequent allegations in this pleading as though fully set forth herein.

23. As personal guarantor, Dr. Padilla, upon Hillcrest's default under the Agreement, became unconditionally liable to FPL for full payment and performance of all of Hillcrest's obligations to FPL under the Agreement. Dr. Padilla has failed and refused to so pay or perform.

24. FPL has been damaged by Hillcrest's default in the amount $220,461.15, plus interest and collection costs, for which it now seeks judgment against Dr. Padilla pursuant to the Guaranty.

25. After the allowance of all just and lawful offsets, payments and credits to Hillcrest's account, a balance thereon of $220,461.15 remains due, unpaid, and owing. Although repeatedly

requested by FPL, the Defendants have wholly failed and refused and still refuse to pay the same or any part thereof.

### COUNT 3: ATTORNEYS' FEES

26.     FPL incorporates all prior and subsequent allegations in this pleading as though fully set forth herein.

27.     Upon Defendants' failure to pay the balance owing on said Agreement and Guaranty, FPL placed the aforementioned contracts in the hands of the undersigned attorney for enforcement, and has agreed to pay said attorney reasonable attorneys' fees for his services for which Defendants have become liable pursuant to ¶ 11 of the Agreement and by virtue of TEX. CIV. PRAC. & REM. CODE § 38.001 *et seq*.

### V. CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, FPL prays that Defendants be cited to appear and answer herein, and that after consideration of the evidence and pleadings herein, FPL have and recover a judgment awarding all monetary relief to which it may show itself justly entitled, including deficiency, attorney's fees, court costs, prejudgment interest at the contract rate of 18.00% per annum from the date of default, and post-judgment interest as provided by law. FPL further prays that the Court grant it any such other and further relief to which Plaintiff may be entitled at law or in equity.

**[Remainder of Page Left Intentionally Blank]**

**Respectfully Submitted,**

/s/ Mark W. Stout
Mark W. Stout
State Bar I.D. #24008096
*mstout@padfieldstout.com*
Matthew D. Giadrosich
State Bar I.D. #24074274
*mdg@padfieldstout.com*
Owen C. Babcock
State Bar I.D. #24104585
*obabcock@padfieldstout.com*
PADFIELD & STOUT, L.L.P.
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
817-338-1616 phone
817-338-1610 fax

*Attorneys for Plaintiff*

# EXHIBIT A


**umpqua bank**
vendor finance

**EQUIPMENT FINANCE AGREEMENT**

015.1571026.301
Agreement # XXX801X

THIS EQUIPMENT FINANCE AGREEMENT ("Agreement") IS SUBJECT TO THE TERMS AND CONDITIONS PRINTED **HEREON AND ON THE FOLLOWING PAGES, SCHEDULES, AND ADDENDUMS** ALL OF WHICH ARE MADE A PART HEREOF AND WHICH CUSTOMER ACKNOWLEDGES HAVING READ. PLEASE READ CAREFULLY BEFORE SIGNING.

### CUSTOMER INFORMATION

| Customer | Federal ID Number |
|---|---|
| HILLCREST MEDICAL VENTURES, L.L.C. | |
| Billing Address/City/State/Zip/County | Equipment Location (if different from billing address) | Vendor Name |
| 8611 HILLCREST AVE STE 180, DALLAS, TX 75225 | 8611 HILLCREST AVE STE 180, DALLAS, TX 75225 | ALMA LASERS |

### EQUIPMENT DESCRIPTION

SEE ATTACHED EQUIPMENT & VENDOR LIST

### SCHEDULE OF PAYMENTS

| Term (Months) | Payment Method | Number of Payments | Amount of Each Payment | | Number of Prepayments | | Admin Fee | | Security Deposit | | Initial Amount Due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 63 | MONTHLY | 3 | $ 99.00 | x | 1 | + | $ 350.00 | + | $ 0.00 | = | $ 449.00 |
| | | 60 | $ 3,584.14 | | | | | | | | |

Payment Due Date: Due date is dependent upon when funds are released to your vendor to commence the contract.
It will be either the 1st or 15th of the month, whichever is closer.

### ACCEPTANCE – THIS AGREEMENT IS NOT BINDING UNTIL ACCEPTED BY SECURED PARTY
THIS IS A NON-CANCELABLE COMMERCIAL AGREEMENT FOR THE TERM INDICATED

| Customer Name | Secured Party |
|---|---|
| HILLCREST MEDICAL VENTURES, L.L.C. | Financial Pacific Leasing, Inc. DBA Umpqua Bank Vendor Finance |
| Authorized Signature   Date 8-22-19 | Authorized Signature   Date 9/11/19 |
| Name & Title  MARLON DAYMOND PADILLA    MEMBER | Title Booking Coordinator II |

### PERSONAL GUARANTY

IN CONSIDERATION OF SECURED PARTY ENTERING INTO THIS AGREEMENT, THE UNDERSIGNED ("YOU") UNCONDITIONALLY AND IRREVOCABLY GUARANTEE CUSTOMER'S TIMELY PAYMENT AND PERFORMANCE OF ALL OBLIGATIONS UNDER THIS AGREEMENT. YOU AGREE THAT WE MAY PROCEED DIRECTLY AGAINST YOU WITHOUT FIRST PROCEEDING AGAINST CUSTOMER OR PURSUING OTHER REMEDIES. YOU WAIVE ALL SURETYSHIP DEFENSES AND ANY RIGHT TO NOTICES, INCLUDING NOTICE OF ACCEPTANCE, DEMAND, DEFAULT, AND EQUIPMENT DISPOSITION. YOU CONSENT TO ANY ASSIGNMENTS, MODIFICATIONS OR COMPROMISES TO THIS AGREEMENT. YOU AGREE TO PAY ALL AMOUNTS WE INCUR IN ENFORCING OUR RIGHTS UNDER THIS AGREEMENT, INCLUDING COSTS AND ATTORNEY FEES. IF THERE IS MORE THAN ONE GUARANTOR, EACH AGREES THAT THEIR LIABILITY IS JOINT AND SEVERAL. YOU AUTHORIZE US AND OUR AFFILIATES TO OBTAIN YOUR CONSUMER CREDIT REPORTS, MAKE CREDIT INQUIRIES FROM TIME TO TIME, AND OFFER YOU FUTURE CREDIT PRODUCTS AND SERVICES. YOU AGREE THAT THIS AGREEMENT SHALL BE GOVERNED BY WASHINGTON STATE LAW, YOU CONSENT TO THE JURISDICTION OF ANY COURT IN WASHINGTON, AND YOU WAIVE THE RIGHT TO A JURY TRIAL THIS GUARANTY MAY BE SIGNED IN COUNTERPARTS AND TRANSMITTED ELECTRONICALLY WITH THE SAME FORCE AND EFFECT AS DELIVERY OF AN ORIGINAL.

| Name  MARLON DAYMOND PADILLA | X | Home Phone # |
|---|---|---|
| Name | X | Home Phone # |
| Name | X | Home Phone # |

### DELIVERY & ACCEPTANCE

YOU CERTIFY THAT THE EQUIPMENT HAS BEEN RECEIVED, YOU HAVE HAD A REASONABLE OPPORTUNITY TO INSPECT IT, YOU HAVE INSPECTED IT AND IT IS SATISFACTORY IN ALL RESPECTS AND IS ACCEPTED. YOU AUTHORIZE US TO PAY THE SUPPLIER(S) OF THE EQUIPMENT AND YOU AGREE THAT THE ACCEPTANCE DATE OF THIS AGREEMENT WILL BE ON THE DATE WE MAKE THE FIRST PAYMENT TO A SUPPLIER. YOU AGREE THAT YOU HAVE NOT BEEN INDUCED TO SIGN ANY ASSURANCES BY US OR BY ANYONE ELSE.

| Customer  HILLCREST MEDICAL VENTURES, L.L.C. | MARLON DAYMOND PADILLA   X | MEMBER | Date 8-22-19 |

THIS DOCUMENT SHALL BE CONSIDERED THE ONLY ORIGINAL

UBVF-EFA-8-8-18

Financial Pacific Leasing, Inc., d.b.a. Umpqua Bank Vendor Finance, is a subsidiary of Umpqua Bank | Products offered by Financial Pacific Leasing, Inc., are not FDIC insured

Use of the terms "you" and "your" in this Agreement refers to the Customer and use of the terms "we", "us", and "our" refers to the Secured Party identified above. You want us to finance your acquisition of the equipment described herein, together with any replacement parts, additions, or accessories now or hereafter incorporated in or affixed (collectively, the "Equipment"). You hereby promise to pay all amounts described in this Agreement and perform pursuant to its terms and conditions.

1. **NO WARRANTIES; ABSOLUTE OBLIGATION.** You have selected the Equipment and the supplier and you acknowledge that we have not participated in manufacturing, selecting, or supplying the Equipment and we do not represent the manufacturer or supplier, and you agree that we are financing the Equipment "AS IS". WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, QUALITY, DESIGN, CONDITION, CAPACITY, SUITABILITY, PERFORMANCE, MATERIAL OR WORKMANSHIP, PATENT INFRINGEMENT, OR OTHERWISE. YOU AGREE THAT REGARDLESS OF CAUSE WE ARE NOT LIABLE FOR ANY LOSS OR INJURY TO YOU OR ANY THIRD PERSON OR PROPERTY, INCLUDING DIRECT, INDIRECT, CONSEQUENTIAL, INCIDENTAL, OR SPECIAL DAMAGES OR SETOFF AND YOU WILL NOT MAKE ANY SUCH CLAIM AGAINST US. YOU AGREE TO BEAR ALL RISK OF LOSS ASSOCIATED WITH THE EQUIPMENT AND YOU AGREE THAT YOUR OBLIGATIONS UNDER THIS AGREEMENT ARE ABSOLUTE AND UNCONDITIONAL AND YOU CANNOT WITHHOLD, SET OFF, OR REDUCE PAYMENTS.

2. **SECURITY AGREEMENT.** You are the owner of the Equipment and you hereby grant us a first priority security interest in and lien upon the Equipment and all income and proceeds from the Equipment (including insurance proceeds). This security interest is granted to secure the timely performance of all of your obligations to us, now existing or later created under this Agreement or otherwise, and you shall insure that such security interest remains a sole first priority lien. You authorize us to sign and record UCC financing statements and any other documents we deem necessary to confirm our interest in the Equipment and you agree to pay all filing and processing fees. The Equipment shall remain personal property even if installed in or affixed to real property. You acknowledge that you have selected the Equipment and supplier and that we have not participated in any way with your selection. You acknowledge that we are not affiliated with the supplier or manufacturer of the Equipment and no agent of the supplier or manufacturer is authorized to alter this Agreement or act on our behalf.

3. **TERM.** The initial term is set forth on the first page of this Agreement. The start date of the initial term shall be on the Acceptance Date. The term shall end on the earlier of the following: (a) your full performance of each obligation set forth in this Agreement, including schedules and amendments; or (b) when we terminate this Agreement in accord with its terms.

4. **PAYMENT; SECURITY DEPOSIT.** You will make all payments required under this Agreement when due to us at the address we designate. Payments shall commence on the Due Date indicated above immediately following the start date of the initial term. If we do not receive a payment when due, you will be charged a late fee of 10% of the total due or $10, whichever is greater, and an additional late fee will be charged for each month a payment remains unpaid. You agree that this late fee is a reasonable estimate of the expense we will incur as a result of a late payment and is not a penalty. You also agree to pay a charge for each check or ACH returned or dishonored. All amounts past due under this Agreement will bear interest at 1.5% per month or the maximum lawful rate if less. Any security deposit we require shall secure performance of all of your obligations under this Agreement. In the event you default, we may apply the security deposit, in which case you agree to restore the security deposit upon 15 days' written notice. You agree that we may comingle the security deposit with other funds and that you will not be paid any interest on the security deposit. At the end of the term of this Agreement, including any extension or renewal, provided you have fully performed your obligations under this Agreement, we will return the balance of the security deposit to you.

5. **EQUIPMENT LOCATION, USE, AND REPAIR.** You will keep the Equipment at the location designated in this Agreement absent our advance written approval. You agree that we may inspect the Equipment upon request during normal business hours. You warrant that the Equipment is for commercial purposes only and not for consumer, personal, or household purposes. You agree that we have no obligations to repair, maintain or replace the Equipment; you agree to maintain the Equipment in proper working order and to bear all expense required. You agree that the Equipment will only be used for its intended use, in accord with any insurance policy and manufacturer's warranty covering the Equipment, and in compliance with all laws and regulations related to its ownership, use and maintenance.

6. **TITLING.** If requested by us, you agree to cause any Equipment subject to title registration laws to be titled as we direct. You shall advise us promptly of any necessary retitling and you shall provide us with all documents of title within sixty (60) days of the date on any titling effected by you.

7. **TAXES AND FEES.** You agree to pay, when due, all taxes and fees relating to the use, ownership, or possession of the Equipment and all related interest and penalties and to pay all other obligations which may encumber the Equipment, and provide us with written proof of payment on request.

8. **RISK OF LOSS.** You are responsible for any loss, theft of, or damage to, the Equipment from any cause ("Loss") regardless of whether the Loss is insured. A Loss will not relieve you of your payment obligations under this Agreement. In the event of a Loss, you shall promptly notify us and place the Equipment in good repair, condition and working order; provided, however, if we determine the Equipment is lost, stolen, destroyed, damaged beyond repair, or is a constructive total loss under an insurance policy, you shall pay us the remaining payments due under this Agreement discounted to present value at a discount rate of 5% as of the date of Loss as determined by us, plus all other amounts due to us under this Agreement as of the date of Loss.

9. **INSURANCE.** You agree to obtain and maintain at your expense property insurance for the full replacement value of the Equipment, protecting the Equipment against Loss, and liability insurance, in an amount acceptable to us, but in no event less than $500,000 covering any injury, death or third-party property damage arising out of or relating to use of the Equipment. If the Equipment must be titled under title registration laws ("Mobile") then you shall obtain and maintain all risk physical damage insurance. All insurance policies must provide that no cancellation shall be effective without thirty (30) days' prior written notice to us. At our request, you agree to name any party who may have a security interest in the Equipment as Lender's Loss Payee. You agree to provide proof of insurance to us upon request. You hereby grant us a limited power of attorney allowing us to make a claim for, receive payment on, and endorse or execute for our benefit any instrument representing proceeds from any policy issued on the Equipment. IF YOU FAIL TO PROVIDE PROOF OF INSURANCE ACCEPTABLE TO US, WE HAVE THE RIGHT BUT NOT THE OBLIGATION TO SECURE INSURANCE IN SUCH FORM AND AMOUNT AS WE DEEM NECESSARY AND YOU AGREE THAT IN ADDITION TO INSURANCE PREMIUMS WE MAY CHARGE YOU INTEREST AT 1.5% PER MONTH AND/OR AN ADMINISTRATIVE FEE WHICH MAY RESULT IN A PROFIT TO US. YOU UNDERSTAND THAT IF WE PROCURE INSURANCE YOU MAY PAY MORE THAN IF YOU HAD PROCURED INSURANCE AND THE INSURANCE MAY NOT NAME YOU AS AN INSURED AND MAY NOT FULLY PROTECT YOU IN THE EVENT OF A LOSS. YOU AGREE THAT DISPUTES REGARDING INSURANCE OR FEES CHARGED FOR PROCURING INSURANCE WILL BE DETERMINED BY ARBITRATION CONDUCTED IN SEATTLE, WASHINGTON UNDER THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION.

10. **INDEMNIFICATION.** You are responsible for and agree to indemnify, defend, and hold harmless us and our officers, directors, shareholders, employees, and agents from and against any losses, damages, claims, penalties, suits, actions, and expenses, including attorney fees, arising out of or related to the Equipment, whether based on a theory of strict liability or otherwise. Your duties under this section shall survive termination or expiration of this Agreement. You waive any immunity you may have under any industrial insurance law.

11. **DEFAULT AND REMEDIES.** Each of the following will cause you to be in default: (a) you fail to pay any amount due under this Agreement when due; (b) you fail to perform or observe any covenant, condition, or obligation stated in this Agreement or any other agreement with us; (c) you become insolvent, you assign your assets for the benefit of creditors, or you voluntarily or involuntarily become the subject of a bankruptcy or reorganization proceeding; (d) any guarantor of this Agreement dies, fails to perform its obligations as a guarantor, or becomes subject to one of the events listed in (c) above; or (d) we, in good faith, deem ourselves insecure as a result of a material adverse change in your financial condition or otherwise. If you are ever in default, we may elect one or more of the following remedies with or without notice to you: (1) retain your deposit and all payments made by you; (2) terminate this Agreement and any other agreements we have with you; (3) require you to immediately pay us a sum equal to all unpaid payments for the remainder of this Agreement, plus all other amounts due or to become due during the term of this Agreement; (4) require you to promptly return the Equipment to us at your expense; (5) enter your property without court order or surety and you waive all claims against us including for trespass or damage and foreclose on, repossess, or render the Equipment unusable; or (6) exercise any other remedy available under applicable law. If we are required to discount any sum payable by you under this Agreement, you agree that the discount rate used shall be 5% per annum. If we take possession of the Equipment, we may sell or otherwise dispose of it upon notice required by law at a public or private sale and apply the net proceeds after deducting all costs and expense (including attorney fees) related to collection and disposition to the amounts you owe us. You will remain responsible for any amount due after we have applied the net proceeds. You agree that if notice of disposition is required by law, 10 days' notice is reasonable. You agree we may bid and purchase the Equipment as permitted by law. You agree that all remedies are cumulative and not exclusive and you will be responsible for all costs and disbursements incurred in the enforcement of our remedies, including attorney fees and costs, whether or not suit becomes necessary, including those incurred in connection with an appeal or bankruptcy proceeding, plus costs incurred in Equipment repossession, redelivery, storage, and repair, and such other charges as are assessed in accordance with our collection charge schedule. If we delay or fail to enforce any of our rights under this Agreement, we will still be entitled to enforce those rights at a later time.

12. **ASSIGNMENT.** YOU HAVE NO RIGHT TO SELL, PLEDGE, SUBLEASE, TRANSFER, OR ASSIGN ANY RIGHTS IN THE EQUIPMENT OR THIS AGREEMENT WITHOUT OUR PRIOR WRITTEN CONSENT. We may assign, pledge or transfer any of our rights hereunder without notice. You agree that if we assign, pledge or transfer any of our rights, the assignee will have the same rights and benefits we had but none of our obligations and will not be subject to any claim, defense, or setoff you may have against us. Following any assignment, the terms "we", "us", and "our" shall be deemed to include or refer to the assignee.

13. **INFORMATION; CREDIT REPORTS.** YOU AUTHORIZE US AND OUR ASSIGNEES TO OBTAIN CREDIT REPORTS AND MAKE CREDIT INQUIRIES AS WE DEEM NECESSARY. We will inform you upon request if we have sought a consumer credit report and the name and address of any credit reporting agency that provided a report. You agree that we may request and use additional credit reports to update our information without further notice to you as long as you have obligations under this Agreement. Upon our request, you agree to provide us with statements setting forth your financial condition and operations. You warrant that all information you have and will deliver to us, including the information in this Agreement, is true, accurate and correct and you acknowledge that we are relying on such information to enter into this Agreement.

14. **LIMITED AMENDMENTS.** You authorize us to amend this Agreement without notice to you if it is necessary to supply missing information, correct obvious errors, or reflect a change in the following: (a) the description of the Equipment, (b) the applicable sales tax rate, or (c) a change in the amount financed, not to exceed $10 or 10% per payment, whichever is greater.

15. **LAW; JURISDICTION.** ALL MATTERS RELATED TO THIS AGREEMENT ARE GOVERNED BY THE LAWS OF THE STATE OF WASHINGTON AND YOU CONSENT TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT IN WASHINGTON. YOU AGREE THAT AT OUR SOLE OPTION THE VENUE FOR ANY ACTION ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE IN KING COUNTY, WASHINGTON. YOU AGREE THAT WE HAVE THE OPTION OF COMMENCING AN ACTION IN ANY COURT HAVING JURISDICTION OVER THE SUBJECT MATTER AND PARTIES. EACH PARTY WAIVES ANY RIGHT TO A JURY TRIAL AND THE DEFENSE OF INCONVENIENT FORUM.

16. **NOTICES.** Notices shall be in writing and may be delivered by regular U.S. mail postage prepaid, at the respective addresses set forth above or at such other address as a party may provide by written notice. Notice shall be effective when deposited in the mail. You agree to promptly notify us of any change to your address.

17. **COUNTERPARTS.** This Agreement and any document pertaining to this Agreement may be executed in counterparts and the electronic transmission of such document shall have the same force and effect as delivery of an original.

18. **MISCELLANEOUS.** This Agreement represents the entire agreement between you and us regarding the Equipment. This Agreement and any amendment to it are not binding until signed by both parties, unless otherwise provided herein. The waiver of any terms or conditions of this Agreement must be in writing and signed by us. If more than one customer has signed this Agreement, each of you agree that your liability is joint and several. By signing this Agreement, you acknowledge that you have read and understand its terms and conditions and you are authorized to bind the Customer to the obligations set forth in this Agreement. If any part of this Agreement is found to be invalid, then such part shall be considered severable and inapplicable but shall not invalidate the remainder of the Agreement. You authorize us to communicate with you through electronic means. Time is of the essence of this Agreement. All of our rights under this Agreement shall survive its termination or expiration. ORAL AGREEMENT OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT, OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

UBVF-EFA-8-6-18

Financial Pacific Leasing, Inc., d.b.a. Umpqua Bank Vendor Finance, is a subsidiary of Umpqua Bank | Products offered by Financial Pacific Leasing, Inc., are not FDIC insured


**umpqua bank**
vendor finance

## EQUIPMENT & VENDOR LIST

**VENDOR:** ALMA LASERS

**EQUIPMENT DESCRIPTION:** 1   BEAUTIFILL WORKSTATION

**THIS DOCUMENT MAY BE SIGNED IN COUNTERPARTS AND TRANSMITTED ELECTRONICALLY WITH THE SAME FORCE AND EFFECT AS DELIVERY OF AN ORIGINAL.**

CUSTOMER: HILLCREST MEDICAL VENTURES, L.L.C.
BY: X
NAME: MARLON DAYMOND PADILLA
ITS: MEMBER
DATE: 8-22-19

SECURED PARTY: Financial Pacific Leasing, Inc. DBA Umpqua Bank Vendor Finance
BY:
NAME: Teresa Zavala
ITS: Booking Coordinator II
DATE: 9/11/19

S/N: DSA0405, TF00276

THIS DOCUMENT SHALL BE CONSIDERED THE ONLY ORIGINAL

UBVF-EL-8-1-17    Financial Pacific Leasing, Inc. DBA Umpqua Bank Vendor Finance, is a subsidiary of Umpqua Bank
Products offered by Financial Pacific Leasing, Inc., are not FDIC insured

 **umpqua bank**
vendor finance

**Company:**
Umpqua Bank Vendor Finance
3455 S. 344th Way, Suite 300
Federal Way, WA 98001

**Customer:**
HILLCREST MEDICAL VENTURES, L.L.C.
8611 HILLCREST AVE STE 180, DALLAS, TX 75225

**Agreement Number:** 852801

## BILLING CONFIRMATION

To ensure timely receipt of your invoice please confirm the address and other related billing information below and initial where indicated:

Current billing address on file:
**Customer:**
HILLCREST MEDICAL VENTURES, L.L.C.
8611 HILLCREST AVE STE 180, DALLAS, TX 75225

X Initial: _____

**Additional Information & Special Handling:**
Attn: (contact person or department): _____
Address if different from above: _____
PO#: _____
Email: _____
Contact Phone: _____
Other parties authorized to receive information on your account: _____

X Initial: _____

## DELIVERY & ACCEPTANCE CERTIFICATE
Reference Agreement # 852801

The undersigned Customer ("You") certifies to the Company ("Us") referenced above, its successors and assigns, that all items referred to in the Agreement number referenced above, as either Equipment or Collateral (the "Property"), has been received. You certify that you have had a reasonable opportunity to inspect it, you have inspected it and it is satisfactory in all respects and is accepted. You authorize us to pay the Supplier(s) of the Equipment and you agree that the "Acceptance Date" of the Agreement number referenced above, will be on the date we make the first payment to a Supplier. You agree that you have not been induced to sign any assurances by us or by anyone else.

HILLCREST MEDICAL VENTURES, L.L.C.

X Signature: _____

THIS DOCUMENT SHALL BE
CONSIDERED THE ONLY ORIGINAL

Print Name and Title: MARLON DAYMOND PADILLA, MEMBER
Date: 8-22-19

THIS DOCUMENT MAY BE SIGNED IN COUNTERPARTS AND TRANSMITTED ELECTRONICALLY
WITH THE SAME FORCE AND EFFECT AS DELIVERY OF AN ORIGINAL.

UBVF-DAIL-11-18-16    Financial Pacific Leasing, Inc. dba Umpqua Bank Vendor Finance is a subsidiary of Umpqua Bank.
Products offered by Financial Pacific Leasing, Inc., are not FDIC insured.



# Invoice

Invoice No.: 81030047
Page 1 of 2

Alma Lasers, Inc
485 Half Day Road, Suite 100

Buffalo Grove IL  60089
USA
**Tel:** 224-377-2000
**Fax:** 224-377-2050
www.Almalasers.com

**Invoice Date:** 08/27/2019
**Date Shipped:** 08/26/2019
**Customer Number:** C1004924
**Sales Rep:** Peter Strickler
**Terms:** Due 30 days from Invoice

**Bill To:**
Hillcrest Medical Ventures, LLC
8611 Hillcrest Ave.
#180
Dallas TX  75225
USA

**Ship To:**
Hillcrest Medical Ventures, LLC
8611 Hillcrest Ave.
#180
Dallas TX  75225

**Ship VIA:** Love Express 3-5 Day
**PO Number:** 201908.10582

**Freight Terms:** FOB - Shipping Point
**Tracking Number:** 518135
**Packing List:** 61039130

| Item Code | Description | Quantity | Serial # | Price | Total |
|---|---|---|---|---|---|
| AADS03021302 | Alma 1470 nm Diode Laser System 110V | 1 | DSA0405 | | |
| AALP24091503 | LipoFlow System 60Hz | 1 | TF00276 | | |
| Warranty | Limited Warranty with loaner | 1 | | | |
| AAIP06121801 | Side Fiber HIR 400µm 1.0 with Stopper & RFID Single Use (5) New | 6 | | | |
| LipoFlow 16G15 | Body Aesthetic Needle, Blunt Tip 16GA x 15CM, Luer Lock | 1 | | | |
| LipoFlow 14G23 | Body Aesthetic Needle, Blunt Tip 14G x 23CM, Luer Lock | 1 | | | |
| LipoFlow 43445-01 | Receptal Reusable Canister 2000ML (2L) must be used with 2L liners | 1 | | | |
| LipoFlow Brush | Straight Line Cannula Cleaning Brush - 2mm cannula | 1 | | | |
| LipoFlow 12G15 | Micro Injection Needle , Style II, Blunt Tip, 12G x 15CM Luer Lock | 1 | | | |
| LipoFlow 14G15 | Micro Injection Needle , Style II, Blunt Tip, 14GA x 15CM Luer Lock | 1 | | | |
| LIPOFLOWB89213 | 13' Soft Rouch Pump Tubing  (box of 10) | 1 | | | |
| LipoFlow AR536510 | Connecting Tubing, 1/4" x 18.75", Nonsterile,Latex Free | 10 | | | |
| LipoFlow 43042-01 | Receptal Suction Liners with Overflow valve protection 2000ML(10 pk) Must be used with 2L Canister | 1 | | | |
| LipoFlow Filter | Hepa High Alpha 0.3 Micron Aspiration Filter with 2 conn (4PK) | 1 | | | |
| LipoFlow AR37060 | Aspiration Tubing 12" X 9/32? - Sterile  (10 per box) | 1 | | | |
| LipoFlow AR43494-25 | 1/4 in (0.64) Male x Female Elbows - 25 per pack | 1 | | | |
| AALM10011860 | Canister and Holder Assembly (Abbott) | 1 | | | |
| LipoFlow Filtron 100 | Tissue Trans Filtron - 100CC Harvest Filter w/Liner Sterile Disposable One time use only | 2 | | | |
| LipoFlow Filtron 250 | Tissue Trans Filtron - 250 CC Harvest Filter w/Liner Sterile Disposable One time use only | 3 | | | |
| LipoFlow Filtron 500 | Tissue Trans Filtron - 500CC Harvest Filter w/Liner Sterile Disposable One time use only | 1 | | | |
| LipoFlow Bracket | Filtron Canister IV Pole Bracket W/Clamp | 1 | | | |
| LipoFlow ARLL1.2 | Luer to Luer Transfer, 1.2mm, Stainless, Reusable | 1 | | | |
| LipoFlow ARLL1.4 | Luer to Luer Transfer, 1.4mm, Stainless, Reusable | 1 | | | |
| LipoFlow ARLL2.4 | Luer to Luer Transfer, 2.4mm, Stainless, Reusable | 1 | | | |






# Invoice

Invoice No.: 81030047
Page 2 of 2

Alma Lasers, Inc
485 Half Day Road, Suite 100

Buffalo Grove IL  60089
USA
**Tel:** 224-377-2000
**Fax:** 224-377-2050
www.Almalasers.com

**Invoice Date:** 08/27/2019
**Date Shipped:** 08/26/2019
**Customer Number:** C1004924
**Sales Rep:** Peter Strickler
**Terms:** Due 30 days from Invoice

**Bill To:**
Hillcrest Medical Ventures, LLC
8611 Hillcrest Ave.
#180
Dallas TX  75225
USA

**Ship To:**
Hillcrest Medical Ventures, LLC
8611 Hillcrest Ave.
#180
Dallas TX  75225

**Ship VIA:** Love Express 3-5 Day
**PO Number:** 201908.10582
**Packing List:** 61039130
**Freight Terms:** FOB - Shipping Point
**Tracking Number:** 518135

| Item | Description | Qty |
|---|---|---|
| LipoFlow Min2 19G07 | Micro Injection Cannulas IM-MIN2-19G07-LL | 1 |
| LipoFlow Min2 19G04 | Micro Injection Cannulas - IM-MIN2-19G04-LL | 1 |
| LipoFlow 2MM X 15CM | Mercedes 2mm x 15cm on a large handle | 1 |
| LipoFlow 3mm x 15cm | 3mm x 15cm Mercedes, Quickscrew hub, blunt tip | 1 |
| PSLI13121646 | Syringe Stand | 1 |
| LipoFlow AR2020 | Infiltration Handle Trumpet Valve | 1 |
| LipoFlow AR201-264 | Steralization Container, 25cm x 38cm x 3.8cm | 1 |
| LipoFlow 4mm x 30cm | 4mm x 30cm  Mercedes, Quickscrew hub, blunt tip | 1 |
| AAZL26071250 | Handle (for suction cannula) | 2 |
| Spark1 | Spark Social Marketing Package | 1 |
| Marketing Allowance | Marketing Allowance | 1 |
| Training Allowance | Training or Tuition Allowance | 1 |
| Shipping and Handlin | Shipping and Handling | 1 |

**Customer Service Email:**
support@almalasers.com

Visit our on-line store for marketing support
and our practice resource
center at www.officebyalma.com.

Stay connected with Alma.  Follow us on
Facebook and Twitter!

**Please Remit Payment To:**
Alma Lasers, Inc.
**Attn:  Accounts Receivable**
485 Half Day Rd., Suite 100
Buffalo Grove, IL  60089-8806
USA

| | | |
|---|---|---|
| Order Total | $ | 150,850.00 |
| Sales Tax | $ | 12,445.13 |
| Invoice Total | $ | 163,295.13 |
| Down Pmt | $ | 0.00 |
| Total | $ | 163,295.13 |
| Pmt/Credit Applied | $ | 0.00 |
| **BALANCE DUE** | $ | **163,295.13** |





**EXHIBIT B**

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Name: Wolters Kluwer Lien Solutions  Phone: 800-331-3282  Fax: 818-662-4141

B. E-MAIL CONTACT AT FILER (optional)
uccfilingreturn@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA  91209-9071

11250 - FINANCIAL
71527600
TXTX

File with: Secretary of State, TX

**Lien Solutions**
Representation of filing

**This filing is Completed**
File Number : 190033707909
File Date  : 04-Sep-2019

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HILLCREST MEDICAL VENTURES, L.L.C. | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 7115 LAKESHORE DR | DALLAS | TX | 75214 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Financial Pacific Leasing, Inc. | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| P.O. Box 4568 | FEDERAL WAY | WA | 98001 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
All equipment and other personal property, now or hereafter the subject of that certain Agreement, relating to Financial Pacific Leasing,Inc., Contract # 015-1571026-301, dated 08/30/2019, between the Secured Party and Debtor, together with all attachments, additions, accessories, substitutions and replacements thereto, any and all insurance and other proceeds of the foregoing.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative
6a. Check only if applicable and check only one box:  ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility    6b. Check only if applicable and check only one box: ☐ Agricultural Lien  ☐ Non-UCC Filing
7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor
8. OPTIONAL FILER REFERENCE DATA:
71527600                015-1571026-301                                                              HILLCREST MEDICAL VENTURES,

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282